

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DELORES RAMON VELASQUEZ,      §
                              §
          Petitioner,         §
                              §
v.                            §        No. 4:12-CV-902-A
                              §
WILLIAM STEPHENS, Director,   §
Texas Department of Criminal  §
Justice, Correctional         §
Institutions Division,        §
                              §
          Respondent.         §

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, Delores Ramon Velasquez, a

state prisoner currently incarcerated in the Correctional

Institutions Division of the Texas Department of Criminal Justice

(TDCJ) in Tennessee Colony, Texas, against William Stephens,

Director of TDCJ, respondent.  After having considered the

pleadings, state court records, and relief sought by petitioner,

the court has concluded that the petition should be denied.

## I.  Factual and Procedural History

Petitioner waived a jury trial and entered an open plea of

guilty in the 372nd Judicial District Court of Tarrant County,

Texas, to burglary of a habitation with intent to commit

aggravated assault with a deadly weapon, a first-degree felony, and, after completion of a presentence investigation (PSI), on June 6, 2008, the trial court assessed his punishment at fifty years' confinement. (SHR[1] at 66) Petitioner appealed his sentence, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. (SHR at 69-76) Petitioner also filed a state habeas application, raising three of the four grounds raised herein, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SHR at cover)

The state appellate court set forth the general facts of the case as follows:

> On May 1, 2007, Velasquez, intoxicated and under the influence of alcohol and cocaine, forced his way into Emma Velasquez's home and stabbed her multiple times with a knife. Emma sustained numerous puncture wounds to her left arm, upper left side, left chest, and left abdomen. The police arrested Velasquez at the scene, and the State charged him with burglary of a habitation with intent to commit a felony.

(SHR at 70)

---

[1]"SHR" refers to the state court record of petitioner habeas application in *Ex parte Velasquez*, No. WR-77,734-02.

## II.  Issues

Petitioner raises the following grounds for habeas relief:

(1)   The trial court's judgment is void;

(2)   The trial court lacked jurisdiction to sentence him to 50 years' confinement;

(3)   He received ineffective assistance of trial counsel; and

(4)   The grand jury proceedings were improper.

(Pet. at 7-8)

## III.  Rule 5 Statement

Respondent believes that ground four, enumerated above, is unexhausted as required by 28 U.S.C. § 2254(b) and procedurally barred from the court's review.   (Resp't Answer at 3-7)

## IV.  Discussion

### *Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in

3

light of the evidence presented in the state court.   28 U.S.C. §

2254(d).   A decision is contrary to clearly established federal

law if the state court arrives at a conclusion opposite to that

reached by the Supreme Court of the United States on a question

of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v.*

*Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).   A state court

decision will be an unreasonable application of clearly

established federal law if it correctly identifies the applicable

rule but applies it unreasonably to the facts of the case.

*Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great

deference to a state court's factual findings.   *Hill*, 210 F.3d at

485.   Section 2254(e)(1) provides that a determination of a

factual issue made by a state court shall be presumed to be

correct.   The applicant has the burden of rebutting the

presumption of correctness by clear and convincing evidence.   28

U.S.C. § 2254(e)(1).   Typically, when the Texas Court of Criminal

Appeals denies relief in a state habeas corpus application

without written order, as here, it is an adjudication on the

merits, which is entitled to this presumption.   *Singleton v.*

4

*Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997.)

### *Ineffective Assistance*

Under his third ground, petitioner claims his trial counsel was ineffective by advising him not to take a 20-year plea offer and he ended up being sentenced to 50 years. Counsel responded to petitioner's claim *via* affidavit as follows:

1.   I was retained to represent Mr. Velasquez in this case.  He was charged with Burglary of a Habitation with Intent to commit Aggravated Assault with a Deadly Weapon.  The Victim in this case was his brother's wife with whom he had been having an affair.  The affair began after his brother was sent to Prison on drug charges.

2.   The offense was prompted by Mr. Velasquez' suspicion that the Victim was cheating on him.  His suspicions were correct.  The attack took place when Mr. Velasquez went to the Victim's home to confront her.  In fact, during the attack, the man with whom the Victim was having an affair was hiding in the home.

3.   At the time I was retained, Mr. Velasquez had received a twenty (20) year TDC offer from the State. It was thought, at the time, that the Victim would sign an Affidavit of Non-Prosecution.  Alternatively, it was my understanding that she would sign a statement to the effect that she had allowed Mr. Velasquez to enter the Habitation, therefore, defeating the Intent element of the First Degree offense.  It was also thought that the Victim's Husband would soon be released from Prison and would assist the defense.

4.   Mr. Velasquez rejected the twenty (20) year offer, several times, in reliance of the mentioned expectations.  Mr. Velasquez made these decisions

5

independently without any recommendation from Counsel. Counsel hoped and, in fact, discussed with Mr. Velasquez, that the offer might change if we were able to obtain the statement(s) from the Victim.

5.   Contrary to the expectations discussed above, the Victim did not wish to sign an Affidavit of non-prosecution. In fact, she wished to prosecute Mr. Velasquez to the fullest extent possible. Also, Mr. Velasquez' brother was denied parole and did not obtain his release prior to the case being called to trial. Moreover, Counsel was informed that Mr. Velasquez' brother had no desire to assist in his defense.

6.   On the eve of trial, Mr. Velasquez[] did not wish to proceed to Jury Trial. Because the offer had been withdrawn by the prosecutor, he instructed Counsel to request an "Open Plea" and have the Judge assess his punishment. Mr. Velasquez was adamant that he did not wish to go to Jury Trial. Mr. Velasquez pled guilty, a pre-sentence investigation report was requested, and the matter was set for sentencing.

(SHR at 40-43)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered unknowing or involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill*

6

*v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Further, a guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States,* 397 U.S. 742, 748 (1970). Before a trial court may accept a guilty plea, the court must ensure that the defendant is advised of the consequences of his plea and the various constitutional rights that he is waiving by entering such a plea. *Boykin v. Alabama,* 395 U.S. 238, 243 (1969). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court,

7

prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison,* 431 U.S. 63, 75 (1977)). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain,* 56 F.3d 662, 666 (5th Cir.1995).

Although there is no reporter's record of the plea proceeding, based on counsel's affidavit and the documentary record of the proceedings, the state habeas court entered the following relevant findings of fact:

11. When Mr. Hernandez was retained by Applicant, Applicant received a plea bargain offer of twenty years.

12. At that time, Mr. Hernandez and Applicant believed that the victim would sign an affidavit of non-prosecution.

13. Mr. Hernandez believed that the victim would also sign a statement acknowledging that she allowed Applicant to enter her home on the night of the offense.

14. Mr. Hernandez believed the victim's husband, who was in jail at the time, was going to be released and also assist the defense.

15. Because of these expectations, Applicant rejected the twenty year offer on several occasions.

16. Mr. Hernandez discussed with Applicant that the offer could change if the prosecution was able to receive a statement from the victim in this case.

17. The decision to reject the twenty year offer was
    made solely by Applicant; Mr. Hernandez did not
    make any recommendation.

18. The victim in this case did not desire to sign an
    affidavit of non-prosecution, but, instead desired
    to prosecute Applicant "to the fullest extent
    possible."

19. Applicant's brother was denied parole and was not
    going to be able, nor did he desire, to assist
    Applicant's defense.

20. The plea bargain offer was withdrawn by the State.

21. Applicant insisted that he did not want a jury
    trial.

22. Because the State withdrew their plea offer,
    Applicant then instructed Mr. Hernandez to request
    an "open plea' and have the trial court assess
    Applicant's punishment.

23. Applicant pled guilty and requested a pre-sentence
    investigation report.

24. Applicant acknowledged by his signature that his
    plea was an "open plea to a jury."

25. Applicant acknowledged by his signature that his
    open plea meant as follows:

    If you have plead guilty without benefit of a
    plea agreement, the plea proceeding is your
    trial.  Should the Court find you guilty,
    *your punishment can be set anywhere within
    the range of punishment prescribed by law for
    the offense*.  If you are eligible you may
    receive deferred adjudication or community
    supervision, but there is no assurance that
    you will.  Once the Court has accepted your
    guilty plea, you cannot withdraw your plea

without permission from the Court.

26. Applicant was admonished in accordance with article 26.13 of the Texas Code of Criminal Procedure.

27. Applicant acknowledged by his signature that he fully understood the written plea admonishments.

28. Applicant acknowledged by his signature that he was "aware of the consequences of [his] plea.

29. Applicant acknowledged by his signature that his "attorney or an interpreter for [his] attorney ha[d] read th[e] entire document to [him] in [his] own language and [he] fully underst[oo]d the entire document."

30. Applicant acknowledged by his signature that he "was totally satisfied with the representation given to [him] by [his] attorney."

31. Applicant acknowledged by his signature that his "attorney provided [him] fully effective and competent representation."

32. Mr. Hernandez acknowledged by his signature that he had "fully reviewed and explained the above and foregoing court admonishments, right, and waivers, as well as the following judicial confession to [Applicant]."

33. Mr. Hernandez acknowledged by his signature that he was "satisfied that [Applicant] [was] legally competent and ha[d] intelligently, knowingly, and voluntarily waived his rights and w[ould] enter a guilty plea understanding the consequences thereof."

34. This Court acknowledged by it signature as follows: "The Court has given [Applicant] the admonishments set out in paragraphs number 1 through 15, above.  In addition, the Court find

10

> [Applicant] is mentally competent and that his
> plea is intelligently, freely, and voluntarily
> entered."
>
> . . .
>
> 54.   The Court finds the affidavit of Mr. Francisco
>       Hernandez credible and supported by the record.
>
> . . .
>
> 57.   Mr. Hernandez provided Applicant with adequate
>       representation guaranteed by the Sixth Amendment.

(SHR 47-51 ) (case citations and citations to the record omitted)

(emphasis in original)

In sum, the state habeas court found petitioner had failed

to overcome the presumption that his plea was regular and that

counsel adequately performed his duties or to demonstrate that,

but for counsel's "*alleged* failure of advising him to reject the

initial plea offer and plea 'open' as to punishment, the result

of the proceeding would be different."  (SHR at 53) (emphasis in

original) .  (*Id.* at 53)  Tex. Code Crim. Proc. Ann. art. 1.15

(West 2005).  In turn, the Texas Court of Criminal Appeals denied

relief without written order on the state habeas court's

findings.

Upon thorough review of the record in this matter, the court

finds that petitioner has not shown by clear and convincing

evidence that the state court's factual findings are objectively

11

unreasonable or that the state courts' adjudication of his claim is contrary to, or an unreasonable application of, Supreme Court law.  Nothing in the documentary record suggests that petitioner's plea was in any way induced by misunderstanding, coercion, or misrepresentation on the part of trial counsel nor was counsel's alleged advice unreasonable under the circumstances.  Petitioner has not demonstrated counsel's advice fell below an objective standard of reasonableness or that there is a reasonable probability that, but for counsel's advice, he would not have pleaded guilty and would have insisted on going to trial.  Petitioner's claims after the fact, in and of themselves, are insufficient to rebut the presumption that he received effective assistance of counsel, the presumption his pleas were knowing and voluntary, and the presumption of regularity of the state court records.  *See United States v. Oliver*, 630 F.3d 397, 414 (5th Cir.), *cert. denied*, --- U.S. ----, 132 S. Ct. 758 (2011); *Webster v. Estelle,* 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson,* 61 F. Supp. 2d 604, 607 (S.D.Tex. 1999) (same).

### *Wavier*

A guilty plea knowingly and voluntarily made generally

12

waives all claims relating to events preceding the guilty plea, including constitutional ones, in a subsequent habeas proceeding. *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Because petitioner's plea was knowingly and voluntarily made, his first and second grounds-that the judgment is void and the trial court lacked jurisdiction to sentence him to 50 years' imprisonment because the indictment charged him with only second degree felonies punishable up to a maximum of 20 years-matters preceding his guilty plea, are waived.   *United States v. Diaz*, 733 F.3d 371, 376 (5th Cir. 1984).

Even if the claims were not waived, the claims are legally inaccurate.   The state's burglary statute states that an offense under § 30.02 is a first degree felony if:

> (1) the premises are a habitation; and

> (2) any party to the offense entered the habitation with intent to commit a felony other than felony theft or committed or attempted to commit a felony other than felony theft.

Tex. Penal Code Ann. § 30.02(d).

Texas Penal Code § 22.02, entitled "Aggravated Assault," provides, in relevant part-

> (a) a person commits an offense if the person commits assault . . . and the person:

> > (1) causes serious bodily injury to
> > another, including the person's spouse; or
>
> > (2) uses or exhibits a deadly weapon
> > during the commission of the assault.
>
> (b)  An offense under this section is a felony of
> the second degree, . . . .

*Id.* § 22.02(a)-(b).

Count One, Paragraph One of the indictment in this case

alleges that petitioner, on or about May 1, 2007, did—

> intentionally or knowingly, without the effective
> consent of Emma Velasquez, the owner thereof, enter a
> habitation with intent to commit aggravated assault
> with a deadly weapon [a second degree felony], . . .

> Paragraph Two alleges petitioner, on or about May 1, 2007,

did—

> intentionally or knowingly, without the effective
> consent of Emma Velasquez, the owner thereof, enter a
> habitation and did attempt to commit or commit
> aggravated assault with a deadly weapon [a second
> degree felony], . . . .

(SHR at 64)

As noted by the state in its response to petitioner's state

habeas application, Count One, Paragraphs One and Two track the

language of the statute and operate to "raise the degree of

punishment for burglary of a habitation from a second to a first-

degree felony."  (SHR at 34)

14

## V.  Exhaustion

Under his fourth ground, raised for the first time in this federal petition, petitioner claims the grand jury procedures were improper.  (Pet. at 8)  Respondent asserts this claim is unexhausted and procedurally barred from federal habeas review.

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief, unless there is no state corrective process or circumstances exist which render the state corrective process ineffective.  28 U.S.C. § 2254(b) & (c); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  *Rose v. Lundy,* 455 U.S. 509, 518 (1982).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher,* 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  The exhaustion requirement is not satisfied where a petitioner presents new legal theories or factual claims in his federal habeas petition.  *Neville v. Dretke,* 423 F.3d 474, 478 (5th Cir. 2005).

15

In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner did not raise his fourth claim in either his petition for discretionary review or his state habeas application; thus the claim is unexhausted. (State Habeas R. at 7-9) Under the Texas abuse-of-the-writ doctrine, petitioner cannot now return to state court for purposes of exhausting the claim. Tex. Code Crim. Proc. Ann. art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's fourth ground, raised in this federal petition for the first time, is procedurally barred from

16

the court's review.  *See Smith v. Johnson*, 216 F.3d 521, 523- 24 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED October ___17___, 2013.


_____

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

17